Mr. Ray L. Weber
Renner-Kenner Co., LPA
106 S. Main Street
Suite 400
Akron, Ohio  44308

February 5, 2014

Via Email          rlweber@rennerkenner.com


Dear Ray,

Time passes so quickly that I had not realized that it has been two years since we last met in your office to discuss my trademark issues. Your experience in trademark law is impressive and your advice was valuable in pursuing a resolution to my trademark matters.

I have been forwarded a letter which was sent on behalf of your clients, Aunty Tootie's Inc. In the letter you make reference to the Aunty Tootie's trademark and the encompasses of that Mark. Attached to your letter is a memo signed by Chester A. Wilson, President and CEO of Aunty Tootie's Inc. In court disclosures to date this memo has not been presented nor has it surfaced prior to you bringing it to the attention of the members of the Aquasea Group, LLC. This is not unusual regarding legal issues presented by the Singletary Group throughout the current litigation process, and not a reflection on your status in the trademark law community.

Although the courts have awarded all aspects of Aunty Tootie's LLC to the Aquasea Group for a myriad of legal reasons, Aquasea Group LLC had determined and executed the decision not to use any aspect of the Intellectual Property associated with Aunty Tootie's LLC. A Board of Managers meeting was held on September 7, 2013 and the discontinuation of use of the Intellectual Property referenced here was enacted. Mr. Ray Singletary elected not to participate in the meeting, which could have been done via phone or Skype in lieu of his physical presence.

Since the decision was made not to use any "intellectual" property or "Trademarked" contributions from the Singletary's in operating the business going forward, the Aquasea Group has independently developed its own proprietary production methodology.

In our continued manufacture of tenderized chitterlings under USDA inspection, I have new labeling that reflects my procedures that I developed in conjunction with the processes involved. The formulation, ingredients, and procedures could very well be a variation upon the hundreds of recipes for cooking chitterlings available on the Internet. The all-inclusive processing procedures are not patentable, although the equipment that I co-developed can be.

Exhibit #6

As far as "authored works" are concerned, as a member of the Aquasea Group, I personally authored the majority of the Point-of-Sale materials for the Aunty Tootie's Venture. Also for the benefit of the Aunty Tootie's Venture I authored the revised Marketing Plan, the HACCP Plan, Corporate Governance Policy, Employee Manual, Safety Manual, fund-raising literature, distribution policies, and internal invoicing and accounting software for Aunty Tootie's.

As an additional matter concerning the trademark that your firm facilitated: Upcoming in the litigation will be the matter of the copyright of the photo of Althea Walker used in connection with the trademark. Aunty Tootie's Inc. does not own the copyright for that photo. The red and white background design is not owned by Aunty Tootie's Inc. either. It is a design plagiarized from another company.

Lastly, there is no "Aunty Tootie's" product in commerce. Aquasea's position on the Intellectual Property precluded us from selling any product bearing the "Aunty Tootie's" mark.

Ray, we appreciate your commitment to your clients, but it would be beneficial to review the current court filings and rulings.

Best Regards,

Carl Vennitti
Aquasea Group, LLC

Exhibit #6